UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

EDDIE GENE VAUGHN                                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 5:14CV-P99-R

LT. HAWKINS *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Eddie Gene Vaughn filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Subsequent to filing the complaint, Plaintiff filed a motion (DN 6), which the Court will construe as a motion to supplement the complaint. **IT IS ORDERED** that the motion to supplement (DN 6) is **GRANTED**. Upon review of the complaint and supplement, the Court will allow some of Plaintiff's claims to proceed and will dismiss others.

### I.

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues Defendants Lt. Hawkins, Officer J. Cureington, Officer Odell,[1] and Officer John Doe, each of whom he identifies as guards at KSP. He sues each Defendant in his individual and official capacity. He states that on February 26, 2014, he was awakened between 4:00 and 5:00 a.m. by Defendants Odell and Doe to do a shakedown of his cell. According to the complaint, they handcuffed him behind his back and destroyed his property. Defendant Odell then told him that he was going to the hole. Plaintiff states that he asked to see a captain because he had done nothing wrong. He maintains that Defendant Hawkins then came to his cell and cursed him and that Defendants

---

[1] Plaintiff refers to this Defendant both as Odell and Odwell. For the purposes of initial review, the Court will refer to this Defendant as Odell.

Hawkins and Odell "grab[bed] my arms & twisted them behind my neck & dragging me & throwing me on the floor kicking me in my right side rib & a knot came in my rib & left knee . . . ." Plaintiff states that Defendant Cureington came and that Cureington, Hawkins and Odell were dragging and pushing him and that they pushed him against a concrete wall and banged his head against the concrete wall and "put a hole in left side of my head." He states that Defendant Cureington "jumped down on my back punching me with his fists & they all was beating me & Officer John Doe kicked me when the other 3 dragged me out side in the dark so the inmates could not see them beat me." Plaintiff maintains that "they pulled off my clothes except my shorts and picked me up then threw me back on the concrete walk, kicking me & kneeing me cause a big hole in my left knee lip & right toe." He states that Defendant Hawkins "told me ni**** shut your mouth, because I was crying asking why they beating me because I done no wrong." He contends that they then dragged him to the hole and placed him in a chair. He further states as follows:

> [Defendants] tied me down so tight I could barley breath & tortore me more and pushing my head, neck back & forward they tortore me more because I urine on my self & chair & blood running down my face. The others was laughing. Then they dragged me up 4 flights of stairs & threw me in a naked cell 3 days. Doctor & nerse place stickes in my hole of my head. The camera & witness saw this. My body speak for it being beating. I am 71 years of age.

Plaintiff also contends that in March 2014 Defendant Hawkins came to his cell and told Plaintiff that he did not care if Plaintiff filed a complaint against him because "that would not be the first time an inmate filed on them for beating on inmates and wont be the last time either." He states that before he was beaten he had complained to Warden Randy White about an officer calling him "slave nicknames" and harassing him. He states that Defendant Hawkins has "ni**** tattood on his arm."

In Plaintiff's supplemental complaint, he states that since filing this lawsuit Defendant Odell has harassed him, told lies about him, and put him in the hole.

As relief, Plaintiff seeks monetary damages and injunctive relief in the form of "release from illegal detention."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

**A.     Official-capacity claims**

Plaintiff sues Defendants in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

Plaintiff seeks injunctive relief in the form of release from incarceration. However, Plaintiff cannot seek release as relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole

federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking release from custody, the § 1983 claim for such injunctive relief cannot lie. Therefore, Plaintiff's official-capacity claims against all Defendants for injunctive relief fail, as well, and will be dismissed for failure to state a claim.

**B.     Individual-capacity claims**

The Court will allow Plaintiff's excessive force and retaliation claims to proceed against each Defendant in his individual capacity for monetary damages.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

The Court will enter a separate Scheduling Order governing the claims that have been permitted to proceed.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010