UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00099-TBR

EDDIE GENE VAUGHN, PLAINTIFF

v.

TIMOTHY HAWKINS, et al., DEFENDANTS

**Memorandum Opinion & Order**

This matter comes before the Court upon three motions filed by *pro se* Plaintiff Eddie Vaughn, ("Vaughn"), and one by Timothy Hawkins and Melvin O'Dell, (collectively, "Defendants").[1] First, Vaughn has filed a motion requesting leave to see additional camera footage. [DN 64.] Second, Vaughn has filed a motion to receive a trial date. [DN 66.] Third, Vaughn has filed a motion for default judgment against Defendant James Cureington. [DN 68.] Fourth, Defendants seek leave of the Court to file a second motion for summary judgment. [DN 74.] These matters are ripe for adjudication and their respective merits are discussed below.

**A. Background**

The following factual background section is taken from this Court's previous Memorandum Opinion, dated May 14, 2018:

> This case arises out of events which transpired early on the morning of February 26, 2014 at the Kentucky State Penitentiary, ("KSP"). [DN 44, at 2-3.] That morning, Plaintiff, who is currently incarcerated at KSP, was subjected to a random cell search. [*Id.*] What happened during and after this cell search, though, is a matter of great contention in this case. Plaintiff alleges that Defendants destroyed his property unnecessarily and then proceeded to assault him. [*Id.*] Defendants claim that Plaintiff was subjected to a routine cell search, at which time certain items of contraband were found, and the only force used against Plaintiff was in response to his being combative while they were attempting to remove him from the cell block. [*Id.* at 3.]

---

[1] Although James Cureington is also named as a defendant in this action, he has not, as yet, entered an appearance.

1

> On March 25, 2016, this Court ordered Defendants to "produce any and all video footage pertaining to the claims raised in the instant action, including video footage of Plaintiff's cell extraction and escort from his cell to the segregation unit." [DN 43, at 5.] Upon *in camera* review of the footage, the Court ordered that the footage would remain filed under seal, and that Defendants were to make available the video files so that Plaintiff could view them. [DN 54.] Defendants were further ordered to file a status report thereafter indicating that Plaintiff had been afforded access to the video.

[DN 63.] On May 14, 2018, this Court ordered Defendants to comply with its previous order to make the relevant security camera footage available to Vaughn for viewing. [*Id.*]

### B. Motion for Leave to See Additional Footage

The first motion at issue is Vaughn's motion for leave to see additional video footage. [DN 64.] However, before this Court had occasion to rule on the merits of this motion, Defendants, having already filed a response, made an additional filing indicating that Vaughn had, in fact, been given access to all available video, both from security camera feeds as well as hand-held cameras. [*See* DNs 65, 71.]

Originally, pursuant to Court order, Defendants filed a status report on June 1, 2018 indicating that Vaughn had been shown "a copy of the security video footage pertaining to the events of February 26, 2014 as set out by the Plaintiff in the above styled case. The copy of the video viewed by…Vaughn was provided by the records department at [KSP]." [DN 65, at 1.] Defendants' status report included an acknowledgment form signed by Stacey Gibson, Mike Massey, and Will Simpson, and the following note: "Vaughn viewed all video provided on the DVD" and that "Vaughn was advised that the DVD was provided by the Attorney(s)," but that "Vaughn stated there was additional video that was not included on the DVD and therefore he refused to sign." [*Id.* at 2.] The refusal-to-sign note was signed and verified by Gibson. [*Id.*]

Vaughn maintains his position that, when given the opportunity to view the security camera footage on May 22, 2018, he was not afforded access to *all* relevant footage. [*See* DN 64.] By way

2

of response, Defendants have filed an affidavit from Simpson, wherein he avers that "[t]he video reviewed by…Vaughn contained recordings from the security surveillance camera as well as recordings from the hand held camera regarding his time in a restraint chair." [DN 71-1, at 1.] Thus, it appears to the Court that Vaughn *has* been afforded access to all available, relevant footage from February 26, 2014. In his reply, Vaughn maintains that he has not been shown all relevant footage and essentially contends that Defendants are either mistaken in their belief that they have shown him everything or that they are being dishonest in their argument and corresponding affidavit. [DN 72.] However, Simpson's affidavit that Vaughn has been shown the security camera footage and the hand-held camera footage is, of course, a sworn statement, and Vaughn's contentions that he has not been afforded access to various pieces of unspecified additional footage consist merely of unsworn arguments. Accordingly, the Court will deny Vaughn's motion at this time. However, if Defendants discover that there is additional relevant footage, such information will be brought to the Court's attention immediately.

**C. Motion for Trial Date**

The next motion at issue is Vaughn's motion to be granted a trial date in this action. [DN 66.] In their initial response, Defendants objected to this Court setting a trial date, as they were uncertain as to whether Vaughn had been granted access to the aforementioned camera footage. [DN 69.] However, Defendants later supplemented that response with the affidavit from Simpson indicating that Vaughn had, in fact, viewed all available, relevant footage. [DN 71.] This second filing appeared to indicate that Defendants had withdrawn their objection to Vaughn's request for a trial date. In the interim period, though, Defendants filed a motion for leave to file a second summary judgment motion. And because the Court, below, will grant Defendants leave to file that additional summary judgment motion, the Court will refrain from setting a trial date at this time.

**D. Motion for Default Judgment**

Third, there is Vaughn's motion for default judgment against Defendant James Cureington, ("Cureington"). [DN 68.] Vaughn states that Cureington was properly served, but "has failed and refused to Answer, Plead, or otherwise Defend this cause of action; even though the Record clearly reflects he was served, and served various Pleadings by the Court." [*Id.* at 1.]

A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "[T]he decision to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). Defaults are not favored, given the "strong preference for trials on the merits in federal courts…." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). And of particular relevance here is the principle that, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1474 (6th Cir. 1998). In the present action, a default judgment against Cureington could produce inconsistent results with respect to Defendants Hawkins or O'Dell, and could risk prejudicing one or both them. Accordingly, the Court will deny Vaughn's motion at this time without prejudice, and with leave to refile it at a time which would be more procedurally proper.

**E. Defendants' Motion for Leave to File an Additional Summary Judgment Motion**

Finally, there is Defendants' request for leave to file a second motion for summary judgment. [DN 74.] The Court having considered the matter, as well as the Record, and being otherwise sufficiently advised thereon, it is hereby ordered that Defendants' motion is granted.

4

Defendants shall file any such motion within twenty-one days from the date of entry of this Memorandum Opinion & Order.

### F. Conclusion

For the reasons stated in this Memorandum Opinion & Order, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Vaughn's motion for leave to see additional footage, [DN 64], is **DENIED**. If Defendants become aware of additional relevant footage that Vaughn has not yet seen, Defendants shall make this information known to the Court immediately.

2. Vaughn's motion for a trial date, [DN 66], is **DENIED**. The Court will refrain from setting a trial date, along with the attendant pretrial deadlines, until such time as Defendants' second motion for summary judgment comes ripe and the Court has had occasion to rule thereon.

3. Vaughn's motion for default judgment, [DN 68], is **DENIED without prejudice**.

4. Defendants' motion for leave to file a second motion for summary judgment, [DN 74], is **GRANTED**. **Defendants shall file such motion no later than twenty-one days from the date of entry of this Memorandum Opinion & Order. Vaughn shall have twenty-one days thereafter to file a response thereto, and Defendants shall have fourteen days thereafter to file a reply.**

**IT IS SO ORDERED**.

cc: Counsel of record

Eddie Vaughn, *pro se* plaintiff